UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JOSE GENAO,

                        Plaintiff,

      -against-

THE CITY OF NEW YORK,
P.O. THOMAS ANDRES (shield 12234),
P.O. PAUL BAKER (shield 15038), JOHN DOES, 1-5,

                       Defendants.
-----------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

Jury Trial

16 CV 5047 (PKC) (PK)

      Plaintiff JOSE GENAO (hereinafter "Plaintiff") by and through his attorney, Vik Pawar, Esq., respectfully alleges as follows:

### PRELIMINARY STATEMENT

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

### JURISDICTION

    2.    The action is brought pursuant to 42 U.S.C. §§1983, and 1988, and the Fourth and Fourteenth Amendments to the United States and New York Constitutions.

    3.    Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff is a citizen of the United States, and at all relevant time resident in the County of Queens, State of New York.

7. Defendants the City of New York is a municipal corporation. Defendants Andres, Baker and John and Jane Does 1-5 are officers with the NYPD. The individual defendants are sued in their individual, supervisory and official capacities.

## FACTS

8. On May 29, 2014, around 5 p.m., plaintiff arrived home from work that he shared with his wife and daughter.

9. Plaintiff and his wife had a verbal dispute and plaintiff left his home and was walking on the street.

10. As plaintiff continued to walk near his home, he was pulled from behind by defendant Andres and Baker.

11. These two defendants grabbed plaintiff by his shoulders and spun him around and started assaulting him.

12. Plaintiff was thrown to the ground and defendants struck him numerous times and kicked him in his face and body.

13. The other defendants (John Does 1-5) failed to intervene and instead took part in the beating as plaintiff's horrified wife, daughter and uncle watched.

14. Plaintiff was then transported to Queens Hospital while handcuffed.

15. Defendants falsely informed the EMT and the medical personnel at the hospital that plaintiff was on "strange drugs" and was "suicidal."

16. All the while plaintiff was being treated, defendants failed to remove the handcuffs.

17. After spending few days in the hospital due to defendants' intentional lies about plaintiff's mental state and because of the injuries defendants inflicted upon him, plaintiff was released.

## AS AND FOR A FIRST CAUSE OF ACTION
(Excessive use of force/Unlawful Seizure-Fourth Amendment)

18. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

19. Defendants assaulted plaintiff for no reason.

20. Defendants continued to assault plaintiff even though plaintiff was handcuffed, was not resisting and did not pose a danger to himself or others.

21. Defendants' actions resulted in serious and permanent physical and emotion injuries to plaintiff. There was no probable cause for the arrest or the continued incarceration.

22. As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from seizure, excessive force and assault were violated and he sustained physical, economic and emotional injuries.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Deprivation of Rights under 14th Amendment-Due Process against All defendants)

23. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

24. The Defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by Defendants deprived the substantive and procedural due process afforded to Plaintiff and was in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments. Defendants falsely reported plaintiff's condition and prolonged his suffering.

25. As a result of the foregoing, Plaintiff was deprived of his liberty and property interests and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Failure to Intervene)

26. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

27. Defendants witnessed their fellow officers assault plaintiff.

28. Despite witnessing the alleged assault on plaintiff, defendants failed to intervene.

29. Defendants had ample opportunity to stop the further assault by fellow officers on plaintiff but yet simply stood there and allowed plaintiff to be further assaulted and participated in the assault.

30. As a result of defendants' conduct, plaintiff suffered injuries.

### AS AND FOR A FOURTH CAUSE OF ACTION
(*Monell* claims against the City of New York)

31. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

32. Defendant City through the NYPD was deliberately indifferent to the rights of plaintiff.

33. Defendant City is aware that defendant officers would face situation involving domestic cases like the one between plaintiff and his wife, but they fail to adequately train their officers on these scenarios. This deliberate indifference to the failure to train or otherwise failure to discipline officers in these types of situations led to the deprivation of plaintiff's constitutional rights and plaintiff was injured.

34. As a result of defendants' conduct, Plaintiff suffered injuries.

**WHEREFORE,** the Plaintiff requests that this Court:

a. Award compensatory damages to the Plaintiff against the Defendants, jointly and severally, in the amount of Two Hundred and Fifty Thousand for each and every cause of action,

b. Award the costs of this action to the Plaintiff.

c. Award reasonable attorneys fees to the Plaintiff under 42 U.S.C. Section 1988 and/or any other applicable laws.

d. Award punitive damages as assessed by the jury.

      e. Award such other and further relief as this Court may deem appropriate.

Dated: New York, New York
    December 5, 2016

                PAWAR LAW GROUP, P.C.
                20 Vesey Street, Suite 1210
                New York, New York 10007
                (212) 571-0805

                By: _____
                Vik Pawar (VP9101)
                *Attorneys for Plaintiff*